# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

PERDUE FOODS, LLC,

    Plaintiff,

v.

JOEL CRAIG JOHNSON and SUSAN M. JOHNSON,

    Defendants.

CASE NO. C16-6027 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION TO CONTINUE

This matter comes before the Court on Plaintiff Purdue Foods, LLC's ("Purdue Foods") motion for summary judgment. Dkt. 20. Also before the Court is the motion to continue of Defendants Joel Craig Johnson and Susan M. Johnson. Dkt. 35. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby (1) denies Purdue Foods's motion for summary judgment and (2) grants the Johnsons' motion to continue.

## I. BACKGROUND

On December 15, 2016, Purdue Foods filed its complaint in this action. Dkt. 1. Purdue Foods brings a claim of negligence against the Johnsons. *Id.* Specifically, Purdue Foods alleges that the Johnsons negligently caused a fire by using a poorly maintained industrial "Brush Hog" mower to mow a hazardously overgrown field on a hot summer day in August. *Id.*; Dkts. 21–24. Ultimately, the fire spread to an adjacent farm and killed over 204,400 chickens belonging to Purdue Foods. Dkt. 22.

On October 5, 2017, Purdue Foods moved for summary judgment on its negligence claims. Dkt. 20. In addition to its argument on liability, Purdue Foods moved for summary judgment on the amount of damages. *Id.* On October 23, 2017, the Johnsons responded in opposition. Dkt. 31. The Johnsons also requested that the Court continue its consideration on the issue of damages pending the disclosure of outstanding discovery. *Id.* On October 27, 2017, Purdue Foods replied. Dkt. 34.

On October 30, 2017, the Johnsons moved to continue the scheduled trial date of February 20, 2017, as well as the remaining pretrial deadlines. Dkt. 35. They seek additional time to review documentation underlying Purdue Foods' damages calculation that was ultimately disclosed on November 10, 2017. On November 15, 2017, Purdue Foods responded. Dkt. 37. On November 16, 2017, the Johnsons replied. Dkt. 39.

## II. DISCUSSION

### A. Motion for Summary Judgment

Purdue Foods has moved for summary judgment on its negligence claim against the Johnsons. Dkt. 20. Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "*[W]here the moving party has the burden*—the plaintiff on a claim for relief or the defendant on an affirmative defense— *his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party*." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation omitted; emphasis

in original); *see also Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

1    Purdue Foods has advanced three theories in favor of its motion for summary
2 judgment. First, Purdue Foods argues that the Johnsons were negligent in allowing their
3 field to become a fire hazard. Second, it argues that the Johnsons were negligent when
4 Mr. Johnson instructed a worker to operate their "Bush Hog" mower on the hazardous
5 field during a hot August day. Third, Purdue Foods argues that the Johnsons were
6 negligent in maintaining their mower with inadequate lubrication in the gearboxes. While
7 Purdue Foods has presented a strong case, the Court cannot conclude that Purdue Foods
8 has established its right to recovery as a matter of law and that no reasonable trier of fact
9 could find other than in its favor.

10    Purdue Foods has presented strong evidence that Johnson's field constituted a fire
11 hazard by providing evidence in the form of an admission from Mr. Johnson himself.
12 However, Plaintiff has not yet established that the Johnsons acted unreasonably in
13 creating the hazard by allowing the field grow to the extent that it did or by failing to
14 ameliorate the hazard once it was known. Moreover, even though Mr. Johnson admits
15 that the field constituted some type of fire hazard, Plaintiff has not necessarily proven the
16 extent of the hazard or, in other words, "that the condition of the [field] was such that, if a
17 fire did occur in it, it was reasonably probable that it would spread to the adjacent
18 property." *Chicago, M., St. P. & P. R. Co. v. Poarch*, 292 F.2d 449, 451 (9th Cir. 1961).
19 Indeed, in a claim such as this, a jury is properly instructed that a plaintiff must show "(a)
20 that the condition of appellant's buildings actually constituted a fire hazard and (b) that
21 there was reasonable cause for appellant to foresee and anticipate that because of such
22

condition *if a fire occurred it was reasonably probable that it would spread to [the plaintiff's] premises*." *Id.* (emphasis added).

Purdue has also presented strong evidence that Mr. Johnson was negligent when he decided to use the mower in circumstances that created a danger of fire. However, in the very case relied upon by Purdue Foods to argue that this act alone constitutes negligence as a matter of law, the Supreme Court of Oregon examined a collection of cases such as this and determined as follows:

> In the cases just reviewed, it was evident before the fire occurred that a continuance of operations would very likely cause a fire and thereby endanger the neighboring property. In each instance the only means of avoiding the probability was a suspension of operations during the unfavorable weather. These decisions seem to hold that the negligent act was the conduct of operating during the unfavorable weather, *but it is obvious that the negligent act was the casting of sparks or fire into the surrounding inflammable materials at a time when the weather conditions plainly foretold the possibility of a disastrous fire*. If the operation cannot overcome the fire hazard created by its sparks and abnormal weather, it must shut down until normal weather returns, for no one can rightfully threaten with destruction his neighbor's property.

*Silver Falls Timber Co. v. E. & W. Lumber Co.*, 149 Or. 126, 146 (1935) (emphasis added). As already stated above, Purdue Foods has not conclusively established that the extent of the fire hazard "plainly foretold the possibility of a disastrous fire" if the mower was used. "The circumstances may be such that the mere act of setting the fire will involve such obvious danger to adjoining property as affords of itself evidence of negligence." *Jordan v. Welch*, 61 Wash. 569, 572 (1911). But in this case (just like all of the cases cited by Purdue Foods), the obviousness of any danger arising from the Johnsons' operation of the mower remains a question best reserved for a jury.

Nor is Purdue Foods entitled to summary judgment on the basis that the Johnsons were negligent in the maintenance and repair of the mower. In normal weather conditions in Washington State, Mr. Johnson's use of the mower could not be deemed negligent because the probability of starting a fire that might destroy adjacent property would be far too remote and unlikely. *See Pulliam v. Miller*, 187 N.W. 925, 926 (1922) ("There can be no doubt of the right of a farmer to use a gasoline engine in aid of husbandry, and in such case the law does not require that he use machinery of the most approved type."). Instead, the alleged poor maintenance and disrepair of the mower in this case is yet another factor for a jury to consider in determining whether Mr. Johnson's conduct fell below the standard of a reasonably prudent person when he decided to operate his mower to cut an acknowledged fire hazard during a hot day in August. Moreover, underlying disputes of fact remain as to whether the gearboxes on the mower were adequately and appropriately lubricated. *See* Dkt. 32-4 at 13, 17; Dkt. 32-3 at 17, 27.

In light of the evidence presently before the Court, the existence of negligence in this case is a question for a jury. Indeed, the Court notes that in each of the very cases that Purdue Foods relies upon to argue that the Johnsons breached a duty as a matter of law, the question was actually submitted to a jury. *See Oberg v. Dep't of Nat. Res.*, 114 Wn.2d 278, 280 (1990); *Poarch*, 292 F.2d at 450; *Meier & Lockwood Corp. v. Dakota Live Stock & Inv. Co.*, 193 N.W. 138, 141 (1923); *Pulliam*, 187 N.W. at 926; *Jordan*, 61 Wash. at 570. Despite the seeming strength of Purdue Foods's claim, its present showing is not "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone*, 799 F.2d at 259.

**B.     Motions to Continue**

The Johnsons have requested (1) a continuance of the summary judgment proceedings on the amount of Purdue Food's alleged damages, *see* Dkt. 31 at 12–14, and (2) a continuance of the scheduled trial date and pretrial deadlines in order to allow time to recover propounded discovery related to Purdue Food's damages, *see* Dkt. 35. They argue that the continuance of the summary judgment proceedings should be granted because Purdue Foods failed to produce necessary discovery related to its claimed damages until November 10, 2017. *Id.*

Purdue Foods opposes the motion to continue summary judgment proceedings on the basis that the Johnsons failed to identify what specific evidence they seek to obtain pending the continuance. Dkt. 34 at 14 (citing *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 (9th Cir. 2001)). However, the Johnsons have clearly indicated that the evidence sought was the discovery propounded on September 22, 2017, for documentation supporting Purdue Foods' damages computation described in the declaration of Kevin Lopes. *See* Dkt. 22; Dkt. 32-7 at 9–10. The need for this evidence in challenging Purdue Foods' damages calculation is apparent. Purdue Foods was required to produce this discovery pursuant to Federal Rules of Civil Procedure 34 and 26(a)(1)(iii), and the Johnsons have shown that Purdue Foods did not produce this discovery until after the parties' briefing on the motion for summary judgment was already submitted.

The Court finds that such evidence was reasonably necessary for Johnson to resist Purdue Food's allegations regarding the amount of its damages. Accordingly, the Court

will exercise its discretion to deny Purdue Foods' motion for summary judgment without prejudice in regards to the amount of damages sought. *See* Fed. R. Civ. P. 56(d)(1). If it wishes, Purdue Foods may renew its motion for summary judgment on this specific issue of damages with additional briefing now that the requested discovery has been disclosed.

In regards to the Johnsons' motion to continue the trial date and pretrial deadlines, the Court finds that a continuance is warranted. It is reasonable that the Johnsons require additional time to review the documentation that Purdue Foods disclosed at the very close of discovery. Because an examination of such documentation is necessary for the Johnsons to rebut Purdue Foods's computation of damages, the Court finds that this constitutes "good cause" for modifying the Court's scheduling order. *See* Fed. R. Civ. P. 16(b)(4). The trial date shall be continued to June 5, 2018, and the discovery cutoff and remaining pretrial deadlines shall be extended accordingly.

### III. ORDER

Therefore, it is hereby **ORDERED** that Purdue Foods's motion for summary judgment (Dkt. 20) is **DENIED** and Johnson's motion to continue (Dkt. 35) is **GRANTED**. The Clerk shall reschedule the trial to begin June 5, 2018, and issue an order extending the Court's Rule 16 discovery cutoff and pretrial deadlines accordingly.

Dated this 7th day of December, 2017.

BENJAMIN H. SETTLE
United States District Judge